IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § § § | | |
| METROPOLITAN WATER COMPANY, L.P., | § § § | CASE NO. 21-10903-hcm (Chapter 11 Subch. V) |
| MET WATER VISTA RIDGE, L.P., | § § § | CASE NO. 21-10904-hcm (Chapter 11 Subch. V) |
| *Jointly Administered Debtors-in-Possession.* | § § § | (Jointly Administered under CASE NO. 21-10903-hcm) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR WAIVER OF 30-DAY REQUIREMENT PURSUANT TO 11 U.S.C. § 362(e) BY CREDITORS BLUE WATER SYSTEMS, LP AND BLUE WATER VISTA RIDGE LLC, PLAINTIFFS IN THE STATE COURT ACTION PENDING BEFORE THE 21ST JUDICIAL DISTRICT COURT, WASHINGTON COUNTY, TEXAS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

Creditors Blue Water Systems, LP ("BWS") and Blue Water Vista Ridge, LLC ("BWVR") (together, the "Blue Water Parties" or "Movants") file this *Motion for Relief From Automatic Stay and Request for Waiver of 30-Day Requirement Pursuant to 11 U.S.C. § 362(e)* as plaintiffs in a State Court Action pending before the 21st Judicial District Court, Washington County, Texas, against Metropolitan Water Company, L.P. ("Met Water") and Met Water Vista Ridge, L.P. ("MWVR") (together, the "Met Water Parties" or "Debtors"). In support of this Motion, Movants demonstrate the following:

## I. SUMMARY OF RELIEF REQUESTED

1.  This case relates to an underlying state court action styled *Blue Water Systems, LP and Blue Water Vista Ridge, LLC v. Metropolitan Water Company, LP and Met Water Vista Ridge, LP, et al.,* pending in the 21st Judicial District Court, Washington County, Texas (the "State Court"), as Case No. 37,412 (the "State Court Action"), which is stayed by this jointly administered chapter 11 case as to the Debtors herein. A true and correct copy of the State Court Action in the form of the most recently filed Plaintiffs' Fourth Amended Petition is attached hereto as **Exhibit "1"** and is incorporated herein by this reference. The State Court Action was initially filed with the State Court on May 8, 2020, and has been pending for more than 18 months. The State Court Action is fully developed and was set for trial to commence on October 18, 2021, until Debtors sought and obtained a continuance of that trial date from the State Court. Notably, Debtors filed the instant bankruptcy petitions the afternoon before a critical hearing in the State Court Action on several dispositive motions, including two motions for partial summary judgment filed by the Blue Water Parties, and entry of an order for sanctions against Met Water for discovery abuse.

2.  In short, the State Court Action is about the Met Water Parties' deceit and mismanagement of over 1,300 groundwater leases essential to the $3.4 billion Vista Ridge project—the 142-mile pipeline project that delivers 50,000 acre-feet per year of groundwater to the San Antonio Water System. Resolution of the State Court Action is necessary to enforce the Blue Water Parties' critical property rights and contract rights required for the Vista Ridge project and to obtain permanent injunctive relief to prevent the Met Water Parties from further interfering with those rights. The Met Water Parties—Debtors here—are controlled by William Scott Carlson, a convicted felon with a long history of fraud, forgery, and deceit. The fully-developed State Court

Action is a complex matter of state law that is ready for trial and is essential to prevent Carlson and the Debtors from interfering with and damaging the Blue Water Parties' valuable property and contract rights in the Vista Ridge Project.

3. Movant BWVR is the owner of the leasehold rights for all groundwater leases dedicated to the Vista Ridge project. Through a series of contracts between BWVR and third-party Vista Ridge LLC, BWVR is both the Lease Administrator and the Permit Administrator for the Vista Ridge project. Debtors are not parties to those contracts. As Lease Administrator for the Vista Ridge project, BWVR initially delegated certain Vista Ridge lease management responsibilities to Debtor Met Water, including making timely payments of production royalties and related payments to landowners. BWVR timely provided all funds to Met Water necessary for these purposes, and BWVR also paid Met Water $40,000 per month as compensation for land and lease management services. Met Water repeatedly mismanaged the Vista Ridge groundwater leases, refused to follow BWVR's essential management instructions, and refused to provide BWVR with basic Vista Ridge lessor information necessary to ensure that those landowners received proper royalty payments.

4. Judicial economy is served by allowing final resolution of this case in State Court. After a year and a half of litigation, the issuance of two injunctions against the Met Water Parties, numerous discovery disputes—including sanctions against Met Water, interlocutory appeals and dispositive rulings on complex questions of state property and contract law, the State Court Action should be allowed to proceed to trial. The Blue Water Parties request that the Court issue an order lifting the automatic stay to permit them to continue litigation to trial and to a final, non-appealable judgment, presently stayed and pending before the State Court, against Debtors, as defendants, to adjudicate and liquidate the Blue Water Parties' claims.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are section 362(d) of the Bankruptcy Code, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001 of the Local Rules of the Bankruptcy Court for the Western District of Texas (the "Local Rules").

## III. BACKGROUND

7. The State Court Action by the Blue Water Parties is a response to the Met Water Parties' misconduct. The Met Water Parties are controlled by William Scott Carlson, who has a long history of criminal fraud,[1] forgery,[2] and deceit.[3]

### *The Vista Ridge Groundwater Project*

8. The Vista Ridge project is a $3.4 billion groundwater project supplying 50,000 acre-feet of groundwater per year to the San Antonio Water System ("SAWS"). *See* Ex. 1 ¶ 1. Beginning in the late 1990s, Met Water, as lessee, had leased the groundwater rights of several hundred landowners in Burleson and Milam Counties in hopes of providing a long-term water supply to a city or cities in Texas. But Met Water (controlled by Carlson) was unable to secure a contract to supply groundwater to any city. *See id.* ¶ 15.

---

[1] Carlson in 2002 pleaded guilty to criminal fraud of over $2 million dollars as an oil and gas landman. *See* Ex. A at p. 2 n.1.
[2] Carlson was caught in 2014 recording in the Burleson County Official Public Records a purported real property document that was the product of Carlson's forgery. *See id.* at p. 2 n.2.
[3] Carlson this past year obtained purported groundwater deeds from various Vista Ridge lessors by informing them they were merely signing off on the receipt of royalties. *See id.* ¶ 81.

9. Following its unsuccessful efforts to secure a long-term municipal contract, Met Water assigned to Movant BWS the sole and exclusive rights to produce and market the groundwater and groundwater rights under the leases Met Water had obtained. *See id.* ¶ 16. BWS (controlled by Ross Cummings) undertook all responsibility for permitting groundwater rights with the local groundwater conservation district, successfully permitted 70,993 acre-feet per year in groundwater rights, paid over $16 million in transport and production fees associated with those permits, paid over $7 million to the groundwater lessors in leasing bonuses, delay rentals, and royalties, and paid Met Water $40,000 per month to manage the assigned leases (Met Water received over $6 million in such compensation). *See id.* ¶¶ 18-20.

10. Such investments were fruitful, as BWS successfully marketed the groundwater to SAWS, through a contract with third-party Vista Ridge LLC that resulted in the construction of a 142-mile pipeline to San Antonio from a well field in Burleson County. *See id.* ¶ 23. For the SAWS project, Mr. Cummings formed Movant BWVR as a separate company. *See id.* ¶¶ 24-25. Water delivery commenced in April 2020. *See id.* ¶ 23. Over 16 billion gallons of water are to be transported each year for the benefit of San Antonio and its citizens. *See id.*

### *The Assignment of the Vista Ridge Leases*

11. There are 1,314 groundwater leases committed to the Vista Ridge project (the "Vista Ridge Leases"). *See id.* at Exhibit C, Ex. A. In 2014, as a result of Carlson's history of criminal fraud and other misconduct, Vista Ridge LLC and BWVR insisted on Met Water's assigning all its rights in the Vista Ridge Leases so that the project would be insulated from Carlson and Met Water. *See id.* ¶¶ 24-25. On October 14, 2014, Met Water assigned all its rights under the Vista Ridge Leases to BWVR. *See id.* at Exhibit C.

> [Met Water] has agreed to assign to [BWVR], and [BWVR] has agreed to accept, the assignment of all of [Met Water's] right, title and interest in and to the [Vista Ridge] Leases.

*Id.* at Exhibit C, p. 1.

12. Met Water further acknowledged that BWVR would place the Vista Ridge Leases into a Trust, and that Vista Ridge LLC or BWVR would be responsible for the administration of those Vista Ridge Leases.

> To facilitate the financing of the Project, the WTPA and the Groundwater Lease Conveyance Agreement contemplate that BWVR will execute an assignment of the Leases … to the Trust … and that the Trust will … allow for the administration of the Leases by Vista Ridge [LLC] and BWVR.

*Id.* at Exhibit A, p. 2. In 2015, those agreements were executed. Met Water, which assigned all its rights in and to the Vista Ridge Leases, was intentionally excluded from the Vista Ridge project documents to protect the project from Carlson's malfeasance. *See id.* at Exhibit C. BWVR, Vista Ridge LLC, and Wilmington Trust as trustee of the Burleson/Milam Master Lease Trust (the "Trust") entered into a Trust Agreement, *see id.* at Exhibit D, and a Lease Administration Agreement naming BWVR the "Lease Administrator," *see id.* at Exhibit G.

### *The Post-Closing Agreement*

13. However, in May 2016, as a result of additional malfeasance and misconduct by the Met Water Parties (Met Water and MWVR), the Blue Water Parties (BWS and BWVR) sought and obtained the Met Water Parties' agreement to the terms of a "Post-Closing Agreement." *See id.* ¶¶ 29-41. That Post-Closing Agreement contains multiple provisions critical to the litigation of the State Court Action.

14. *First*, the Met Water Parties agreed that any Vista Ridge Leases taken by MWVR (which had been caught fraudulently taking those leases in its name even after they had been assigned to BWVR in full) would be "held in trust" for BWVR and ultimately assigned back to BWVR. *See id.* at Exhibit F § II(7). *Second*, Met Water agreed to grant BWVR "full access" to all of the Vista Ridge Lease files and to comply with Vista Ridge LLC's "sole authority" over the

administration of the Vista Ridge Leases—which authority had been assigned to BWVR via the 2015 Lease Administration Agreement. *See id.* *Third*, the Blue Water Parties agreed that once commercial operations commenced in 2020, Met Water would receive its 50 percent share of the annual net project payments (BWVR was entitled to the other 50 percent share) "as and when paid to" BWVR. *See id.* at Exhibit F § II(2). *Fourth*, in return, the Met Water Parties agreed that, with respect to the payment of that 50 percent share, Met Water would not sue any person other than BWVR and would be limited to "money damages." *See id.*

15. The State Court Action exists as a result of the Met Water Parties' malfeasance. *First*, Met Water refused to give BWVR "full access" to the Vista Ridge Lease files. *See id.* ¶¶ 57-58. *Second*, after being caught fraudulently taking even more Vista Ridge Leases in its name, MWVR refused to assign those leases back to BWVR. *See id.* ¶¶ 55-56. Both actions were done in express violation of Section II(7) of the Post-Closing Agreement. *See id.* at Ex. F § II(7).

### The Washington County District Court Lawsuit

16. The State Court Action has been in active litigation since the Blue Water Parties filed suit against Met Water over 18 months ago:

- May 2020: Blue Water Parties sue Met Water in Burleson County District Court and obtain a Temporary Restraining Order against Met Water.

- June 2020: After a full-day evidentiary hearing, the State Court enters a Temporary Injunction against Met Water. *See* Ex. 2. The court of appeals stays Met Water's obligation to give the Blue Water Parties access to the Vista Ridge lease files, but Met Water remains enjoined from altering the lease files or the leases themselves.

- July 2020: On Met Water's motion, the suit is transferred to mandatory venue in Washington County. *See* Ex. 3.

- August 2020: The State Court grants the Blue Water Parties' motion to compel in part, requiring production of documents and answers to interrogatories. *See* Ex. 4.

- September 2020: Met Water obtains a continuance of the September 2 bench trial by filing a jury demand.

- October 2020: Unable to obtain immediate access to the Vista Ridge Lease files, the Blue Water Parties amend their pleadings to seek their damages incurred for having to hire a third party to administer and manage the 1,300-plus leases. Meanwhile, Met Water refuses to proceed with a noticed and agreed-to in-person deposition in reliance on COVID, delaying discovery.

- March 2021: Trial is set for October 18, 2021, and litigation resumes. *See* Ex. 5.

- April 2021: The Blue Water Parties amend their petition after learning of Carlson's obtaining purported groundwater deeds from various Vista Ridge lessors by means of fraudulent representations to those lessors. Meanwhile, Met Water files a new state court lawsuit in Travis County pertaining to the Post-Closing Agreement despite the State Court's dominant jurisdiction. The Travis County court denies Met Water's applications for Temporary Restraining Order and Temporary Injunction.

- July 2021: The Blue Water Parties amend their petition after learning that MWVR has taken additional Vista Ridge leases in its name and adds MWVR as a defendant. The State Court enters an anti-suit injunction against further litigation of the second-filed Travis County action. *See id.* at Ex. 6. The State Court grants in part both the Blue Water Parties' second motion to compel and Met Water's first motion to compel on discovery matters. *See* Exs. 7, 8. Carlson at last sits for an in-person deposition.

- August 2021: The State Court grants the Trust's interpleader of Met Water's 50 percent share of the annual net project payments—in the amount of $4,131,778.58—in light of the Blue Water Parties' damage claims in excess of $11 million. *See id.* at Ex. 9. The State Court enters partial summary judgment that Met Water assigned all its interest in the Vista Ridge leases and that BWVR is entitled to full access to the lease files. *See id.* at Ex. 10. Met Water deposes Mr. Cummings. The Blue Water Parties depose all three employees of Met Water. The State Court orders Carlson to show cause for why sanctions should not be imposed for his non-compliance with earlier orders granting motions to compel. *See* Ex. 11.

- September 2021: After an evidentiary hearing at which Carlson appears and testifies, the State Court finds that sanctions against Met Water are appropriate but defers the nature of such sanctions to a subsequent hearing. *See* Ex. 12.

- October 2021: The Friday before the October 7 pretrial setting, the State Court continues the trial to April 2022 on Met Water's motion for continuance.

- November 2021: Among other remaining pretrial matters, the Blue Water Parties set for November 23 hearing (1) their request for an award of sanctions and (2) their motion for partial summary judgment on MWVR's claimed leases being held in trust for BWVR. The afternoon before the hearing, without any prior notice, the Met Water Parties file notice of an automatic bankruptcy stay.

This Court may take judicial notice of the pleadings, orders, and other events in the State Court Action.

### IV. ARGUMENT

17. In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir. 1990); *In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

18. **Not all factors may be relevant to each case. Further, the decision to lift the stay may be upheld on judicial economy grounds alone.** *See In re United States Brass Corp.,* 176 B.R. at 13, citing *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (emphasis added); *In re Xenon Anesthesia of Texas, PLLC*, 510 B. R. 106, 112 (S.D. Tex. 2014).

19. First, the stay should be lifted in the interests of judicial economy and expeditious and economical resolution of litigation. The State Court has engaged in significant adjudication

of the competing interests of the Blue Water Parties' claims against the Met Water Parties, including multiple evidentiary hearings, and in fact, the Vista Ridge project disputes were ready to go to trial in mid-October but for the Met Water Parties' seeking continuance of the jury trial to April 2022.

20. For instance, at the outset of the litigation, a full-day evidentiary hearing was held before the State Court[4] on June 8, 2020. Following that hearing, the State Court entered the requested temporary injunctive relief. The court of appeals stayed portions of that injunction (without waiting for or otherwise requesting a response on the stay from the Blue Water Parties), but Met Water and Carlson remain enjoined from taking "any action to amend, alter, modify, transfer, terminate, [or] cancel" the Vista Ridge Leases and "any action to create, destroy, relocate, amend, alter, modify, transfer, terminate, [or] cancel" and Vista Ridge Lease documents. *See* Ex. 2. The Court heard testimony from both Cummings (on behalf of the Blue Water Parties) and Carlson (on behalf of Met Water) and had the opportunity to weigh their credibility.

21. Similarly, a significant amount of discovery has been conducted in the State Court Action. The Blue Water Parties have deposed Carlson, and the Met Water Parties have deposed Cummings. The Blue Water Parties have also deposed all three employees of the Met Water Parties. The Court granted in part Met Water's motion to compel and performed an *in camera* review of hundreds of pages of invoices from BWVR's replacement third-party manager for the Vista Ridge Leases. *See* Ex. 8. The State Court granted in part the Blue Water Parties' motions to compel regarding discovery objections, non-production of documents, and Met Water's initial refusal to produce anyone for deposition. *See* Ex. 4; Ex. 7.

---

[4] While the suit was transferred from the Burleson County district court to the Washington County district court shortly after the Temporary Injunction was issued, Judge Carson Campbell presided over the suit in both courts.

22. Further, the State Court had previously ruled on a separate request for injunctive relief. After the Met Water Parties filed a state court lawsuit in Travis County over the Post-Closing Agreement and a federal lawsuit in Austin over one of MWVR's purported groundwater leases, the Blue Water Parties obtained from the State Court an anti-suit injunction. *See* Ex. 6.[5] Tellingly, it was only *after* the Met Water Parties' attempts to evade the State Court's dominant jurisdiction via both state and federal courts that the Met Water Parties filed this proceeding in federal bankruptcy court.

23. Moreover, the State Court has already entered summary judgment on several significant issues in the State Court Action. First, the State Court ruled, as a matter of law, that the assignment of the Vista Ridge Leases from Met Water to BWVR divested Met Water of any interest in those leases. *See* Ex. 10. That was significant because Met Water had repeatedly insisted it was still the "lessee" of those leases and/or had rights as "lease administrator." Second, the State Court ruled, as a matter of law, that the Post-Closing Agreement granted BWVR "full access" to all Vista Ridge Lease files. *See id.* That was significant because Met Water had repeatedly insisted that such information belonged to Met Water—and was even Met Water's *trade secret*. At the scheduled November 23 hearing (canceled by the automatic bankruptcy stay) the State Court was to rule on additional motions for partial summary judgment filed by the Blue Water Parties, one of which involved Met Water's claim that the Trust Agreement should be amended relating to direct payments, and the other involved whether MWVR's alleged leases were, instead, Vista Ridge Leases held in trust for BWVR.

---

[5] The court of appeals ruled that the anti-suit injunction did not require outright dismissal of the state court and federal court actions, but otherwise allowed the injunction to remain in effect against the Met Water Parties' further litigation outside the State Court Action.

24. Yet the primary factor influencing the Met Water Parties' decision to file bankruptcy on the afternoon before the November 23rd State Court hearing, and the resulting stay of the State Court Action, may have been the State Court's stated intent to issue discovery sanctions against Debtors and their principal, Carlson. The Blue Water Parties caught Met Water failing to produce relevant documents that had been compelled by the State Court, *see* Ex. 7, including the following.

- The State Court had ordered Met Water to produce all Vista Ridge Leases files, but Met Water refused to produce the Vista Ridge Lease files in its possession for which MWVR claimed to be the lessee;

- The State Court had ordered Met Water to produce its communications with Wilmington Trust, but Met Water refused to produce its known communications between Wilmington Trust and Met Water's attorneys;

- The State Court had ordered Met Water to produce its communications with Vista Ridge Lease lessors, but Met Water insisted (incredibly) that it had none with the over 1,300 lessors other than the single letter the Blue Water Parties had obtained; and

- The State Court had ordered Met Water to produce the groundwater deeds obtained by Carlson's entity Carrizo-Wilcox Water Development Company (which the Blue Water Parties learned were obtained by Met Water's solicitation and Carlson's false representations), but Met Water pretended to be unable to do so, even though Met Water, MWVR, and Carrizo-Wilcox Water Development Company are each fully controlled by Carlson alone.

25. After a hearing lasting almost a full day on September 9, in which Carlson was cross-examined by the Blue Water Parties' attorney Ryan Greene on these and other matters, the court concluded that sanctions would be appropriate, the precise nature of which would be decided at the next hearing:

> I adopt Mr. Greene's arguments. I do find that there was not a diligent search. I question the veracity of Mr. Carlson's declaration; therefore, the Court will set sanctions. What I ask that y'all do is get a date that you want to come in here, present your attorney's fees or whatever else you're requesting as sanctions. We'll have a total and complete separate hearing on that – sanctions requested.

*See* Ex. 12. The afternoon before the scheduled November 23 hearing on those sanctions, Met Water filed notice of bankruptcy in the State Court Action.

26. In sum, applying the relevant above factors to this case, this Court should exercise its discretion to lift the automatic stay with respect to the State Court Action:

- The State Court Action's final, ultimate non-appealable judgment will result in a complete resolution of all issues therein, subject to this Court's disposition of the Debtors' liability for same;

- The State Court Action includes allegations that Debtors violated the Trust to secure property owned by the Blue Water Parties amounting to a breach of fiduciary duties owing to the Blue Water Parties;

- The State Court is uniquely familiar with all aspects of the pending litigation as the State Court Action has been pending for almost two years and is primed for trial. The State Court is keenly familiar with the pending litigation and parties, is highly knowledgeable regarding the applicable law and underlying facts, and is therefore well suited to determine these issues;

- The Blue Water Parties' success in the State Court Action is not known to result in an avoidable judicial lien by the Debtors;

- The State Court represents a conservation of judicial resources and a forum of an expeditious resolution of the pending litigation against Debtors;

- The Blue Water Parties and the Met Water Parties are proceeding toward summary judgment and ultimate final, non-appealable judgment in the State Court Action, but for the automatic stay; and

- Lifting the automatic stay as to the State Court Action will inure to the benefit of the Blue Water Parties and Debtors for an expeditious resolution of all relevant issues, leading to an efficient determination by this Court based upon the ultimate final non-appealable judgment as a result of same by the State Court.

27. Based on the foregoing, cause exists to terminate the automatic stay in accordance with 11 U.S.C. §362, to the end and effect that Movants may proceed against the Debtors in the State Court Action and enforce same against the Debtors, as is ultimately determined by this Court.

### V. WAIVERS REQUESTED OF 11 U.S.C. §362(e) AND THE 14-DAY STAY UNDER RULE 4001(a)(3)

28. Movants requests that the Court enter an order granting the relief requested herein and waive the 30-Day Requirement Pursuant to 11 U.S.C. §362(e) and the 14-day stay authorized under Rule 4001(a)(3) of the Bankruptcy Rules.

### VI. PRAYER

For all of the foregoing reasons, Movants respectfully request that this Court enter an order terminating the automatic stay with respect to the State Court Action, effective as of the date of entry of an Order on the within Motion, and allowing Movants to proceed against Debtors in the State Court Action, to obtain a verdict and a final, non-appealable judgment therein, and enforce same as allowed by this Court as to the Debtors, and for such other and further relief as justice may require.

Respectfully submitted,

**DUBOIS, BRYANT & CAMPBELL, LLP**

By : */s/ Seth E. Meisel*
    Seth E. Meisel
    Texas State Bar No. 24037089
    William S. Rhea
    Texas State Bar No. 16807100

        303 Colorado Street, Suite 2300
        Austin, Texas 78701
        (512) 381-8012
        (512) 457-8008 (Fax)
        smeisel@dbcllp.com

and

**TERRILL & WALDROP**

By: */s/ Paul M. Terrill III*
    Paul M. Terrill III
    State Bar No. 00785094
    Ryan D. V. Greene
    State Bar No. 2412730
    810 West 10th Street
    Austin, Texas 78701
    (512) 474-9100
    (512) 474-9888
    pterrill@terrillwaldrop.com
    rgreene@terrillwaldrop.com

**ATTORNEYS FOR MOVANTS BLUE WATER SYSTEMS, LP AND BLUE WATER VISTA RIDGE, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I communicated with Weldon Ponder, counsel for Debtors, prior to filing this Motion, and Mr. Ponder opposed the relief requested by Movants through this Motion.

By: */s/ Seth E. Meisel*
Seth E. Meisel

## **CERTIFICATE OF SERVICE**

In accordance with Bankruptcy Rule 4001(a)(1), the undersigned certifies that on the 3rd day of December, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system or by electronic mail and/or by regular first class mail, postage prepaid on the parties listed below.

| | |
|---|---|
| B. Weldon Ponder, Jr.<br>4408 Spicewood Springs Road<br>Austin, Texas 78759<br>Telephone: (512) 342-8222<br>Facsimile: (512) 342-8444<br>weldon@austin.rr.com | *Proposed Co-Counsel for Debtors in Possession, Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.* |
| Catherine Lenox<br>P.O. Box 9904<br>Austin, Texas 78766<br>Telephone: (512) 689-7273<br>Facsimile: (512) 452-7273<br>clenox.law@gmail.com | *Proposed Co-Counsel for Debtors in Possession, Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.* |
| Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N. MoPac Expressway<br>Greystone II, Suite 400<br>Austin, Texas 78731<br>Telephone: (512) 916-5237<br>ssather@bn-lawyers.com<br>swsather@ecf.axosfs.com<br>lbagley@bn-lawyers.com<br>ejiminez@bn-lawyers.com | *Chapter 11 Subchapter V Trustee* |
| Shane P. Tobin<br>Office of the United States Trustee<br>shane.p.tobin@usdoj.gov<br>ustpregion07.au.ecf@usdoj.gov | *United States Trustee* |

                                                          */s/ Seth E. Meisel*_____
                                                        Seth E. Meisel