IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| METROPOLITAN WATER COMPANY, L.P., | § § § | Case No. 21-10903-HCM (Chapter 11 Subchapter V) |
| MET WATER VISTA RIDGE, L.P. | § § § | Case No. 21-10903-HCM (Chapter 11 Subchapter V) |
| Debtors-in-Possession. | § § § | (Jointly Administered under Case No. 21-10903-HCM) |

**DEBTORS' RESPONSE IN OPPOSITION TO
MOTION FOR RELIEF FROM AUTOMATIC STAY**

Debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P. jointly file this response in opposition to creditors and movants Blue Water Systems, LP and Blue Water Vista Ridge, LLC's (together, the Blue Water Parties) motion for relief from the automatic stay (Doc. 29), and in support thereof would respectfully show as follows:

**Debtors' substantive response**

1. The Blue Water Parties' motion for relief from the automatic stay concerned the prosecution of a lawsuit against the Debtors, which is pending in the 21st District Court of Washington County, Texas, cause number 37412 (the State Court Action).[1]

2. After the Blue Water Parties filed their motion for relief from the automatic stay on

---

[1] *See* Motion for relief from automatic stay and request for waiver of 30-day requirement pursuant to 11 U.S.C. C 362(e) by creditors Blue Water Systems, LP and Blue Water Vista Ridge, LLC, plaintiffs in the state court action pending before the 21st Judicial District Court, Washington County, Texas (Doc. 29), at ¶¶ 1, 4, 27.

December 3, 2021,[2] the Debtors removed the State Court Action to this Court on December 9, 2021.[3]

3. Because the State Court Action is no longer pending in the 21st District Court of Washington County, Texas, the Blue Water Parties' motion for relief from the automatic stay regarding the State Court Action is now moot.

4. Even if the Blue Water Parties' motion for relief from the automatic stay regarding the State Court Action is not moot—which it is—the motion should still be denied, for the same reasons that the Blue Water Parties' motion to abstain or remand should be denied.

5. There is substantial overlap among the factors in the tests for relief from the automatic stay, permissive abstention, and equitable remand.[4] The Blue Water Parties appear to believe so as well: the evidence and arguments they present in paragraphs 20–25 of their motion for relief from the automatic stay (filed on December 3, 2021) are virtually identical to the arguments they present in paragraphs 35–40 of their motion to abstain or remand (filed on December 9, 2021).[5]

---

[2] *See* Motion for relief from automatic stay and request for waiver of 30-day requirement pursuant to 11 U.S.C. C 362(e) by creditors Blue Water Systems, LP and Blue Water Vista Ridge, LLC, plaintiffs in the state court action pending before the 21st Judicial District Court, Washington County, Texas (Doc. 29).

[3] *See* Notice of removal (filed Dec. 9, 2021), as Document 1 in case no. 21-01050-HCM.

[4] *Compare In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (factors regarding relief from the automatic stay) *with Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 731 (Bankr. W.D. Tex. 2017) (Mott, J.) (discussing factors for permissive abstention and equitable remand).

[5] *Compare* Motion for relief from automatic stay and request for waiver of 30-day requirement pursuant to 11 U.S.C. C 362(e) by creditors Blue Water Systems, LP and Blue Water Vista Ridge, LLC, plaintiffs in the state court action pending before the 21st Judicial District Court, Washington County, Texas (Doc. 29), at ¶¶ 20–25 *with* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (filed Dec. 9, 2021), as Document 9 in case no. 21-01050-HCM, at ¶¶ 35–40.

6.  Debtors therefore explicitly incorporate by reference, as if fully set forth here, their response in opposition to the expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand, which was filed in adversary proceeding number 21-01050-hcm, related to these jointly administered cases.[6]

## Debtors' response to the Blue Water Parties' allegations

1.  Debtors admit this case relates to the State Court Action, as defined within the motion. Debtors further admit that the Blue Water Parties' claims against Metropolitan Water Company, L.P. in the State Court Action were first filed on May 8, 2020. Debtors deny the remainder of the allegations in paragraph 1 of the motion, or those allegations are legal assertions to which no response is required by Local Rule 9014(b)(1).

2.  Debtors deny the allegations in paragraph 2 of the motion.

3.  Debtors admit they are not parties to some of the contracts between Vista Ridge LLC and Blue Water Vista Ridge, LLC. Debtors deny the remainder of the allegations in paragraph 3 of the motion.

4.  Debtors deny the allegations in paragraph 4 of the motion.

5.  The allegations in paragraph 5 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1).

6.  The allegations in paragraph 6 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1).

7.  Debtors deny the allegations in paragraph 7 of the motion.

8.  Debtors deny the allegations in the last sentence of paragraph 8 of the motion.

---

[6] *See* Defendants' response in opposition to Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (filed Dec. 30, 2021), as Document 20 in case no. 21-01050-HCM.

Debtors admit the remainder of the allegations in paragraph 8.

9. Debtors deny the allegations in paragraph 9 of the motion.

10. Debtors admit that 16 billion gallons of water are transported to the City of San Antonio each year. Debtors deny the remainder of the allegations in paragraph 10 of the motion.

11. Debtors deny the allegations in paragraph 11 of the motion.

12. Debtors deny the allegations in paragraph 12 of the motion.

13. Debtors deny the allegations in paragraph 13 of the motion.

14. Debtors admit that "the Blue Water Parties agreed that once commercial operations commenced in 2020, Met Water would receive its 50 percent share of the annual net project payments (BWVR was entitled to the other 50 percent share) 'as and when paid to' BWVR." Debtors deny the remainder of the allegations in paragraph 14 of the motion.

15. Debtors deny the allegations in paragraph 15 of the motion.

16. The allegations in paragraph 16 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 16.

17. The allegations in paragraph 17 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 17.

18. The allegations in paragraph 18 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 18.

19. The allegations in paragraph 19 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in

paragraph 19.

20. The allegations in paragraph 20 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 20.

21. The allegations in paragraph 21 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 21.

22. The allegations in paragraph 22 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 22.

23. The allegations in paragraph 23 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 23.

24. The allegations in paragraph 24 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 24.

25. The allegations in paragraph 25 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 25.

26. The allegations in paragraph 26 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 26.

27. The allegations in paragraph 27 of the motion are legal assertions to which no

response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 27.

28. The allegations in paragraph 28 of the motion are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in paragraph 28.

29. The allegations in the motion's prayer are legal assertions to which no response is required by Local Rule 9014(b)(1). In the alternative, Debtors deny the allegations in the prayer.

WHEREFORE, PREMISES CONSIDERED, debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P. respectfully request an order denying creditors and movants Blue Water Systems, LP and Blue Water Vista Ridge, LLC's motion for relief from the automatic stay (Doc. 29), and for such other and further relief to which the Debtors may be justly entitled.

Dated: December 30, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____
Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Proposed special litigation counsel for debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.*

B. Weldon Ponder Jr.
State Bar No. 16110400
weldon@austin.rr.com

        4408 Spicewood Springs Road
        Austin, Texas 78759
        Tel. (512) 342-8222
        Fax (512) 342-8444

        Catherine A. Lenox
        State Bar No. 12204350
        P.O. Box 9904
        Austin, Texas 78766
        Tel. (512) 689-7273

        *Attorneys for debtors Metropolitan Water*
        *Company, L.P. and Met Water Vista Ridge,*
        *L.P.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on December 30, 2021, in accordance with Rule 7005 of the Federal Rules of Bankruptcy Procedure and Rule 5(b)(2) of the Federal Rules of Civil Procedure, to all persons registered to receive service for this matter in this Court's CM/ECF system.

_____
James Hatchitt