IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| **METROPOLITAN WATER COMPANY, L.P.,** | § | Case No. 21-10903-HCM |
| **MET WATER VISTA RIDGE, L.P.,** | § | Case No. 21-10904-HCM |
| *Debtors-in-Possession.*[1] | § | *(Jointly Administered* |
| | § | *under Case No. 21-10903-HCM)* |

**MOTION OF MET WATER VISTA RIDGE, L.P., DEBTOR IN POSSESSION, FOR ENFORCEMENT OF AUTOMATIC STAY**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW MET WATER VISTA RIDGE, L.P., one of the debtors-in-possession in these jointly administered Chapter 11, Subchapter V, cases ("MWVR" or the "Debtor"), and files this, its Motion for Enforcement of the Automatic Stay (the "Motion") and in support would respectfully show the Court the following.

SUMMARY OF RELIEF REQUESTED

1. MWVR is requesting that this Court enforce the automatic stay imposed under 11 U.S.C. § 362(a), and finding Vista Ridge LLC ("Vista Ridge") in contempt for its actions and those of its agents, contractors and/or others acting at its direction, in extracting water from real property in Burleson, Texas, that is subject to a groundwater lease under which the Debtor is the sole holder of the lessee's interest.

2. In particular, MWVR requests the Court to hold Vista Ridge in contempt for violation of the stay, ordering it to immediately cease its activities that violate the stay, and to immediately cause the cessation of any such activities by its agents, contractors and/or others

---

[1]. The last four digits of the Debtors' federal tax identification numbers are: Metropolitan Water Company, L.P. (6172); Met Water Vista Ridge, L.P. (2308). The Debtors' mailing address is P.O. Drawer 1146, Brenham, TX 77834-1146.

1

acting at its direction, and ordering it to pay MWVR a fine for each day that those activities continue after the granting of this Motion.

## BACKGROUND

3.     MWVR's Chapter 11 case was commenced by the filing of a voluntary petition under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 22, 2021 (the "Petition Date"). Currently, the Debtor continues to operate its business and manage its assets as a debtor-in-possession pursuant to § 1184 of Title 11, United States Code (the "Bankruptcy Code"). Stephen Sather has been appointed Subchapter V trustee in both cases.

4.     The Debtor is a Texas limited partnership formed in July of 2015. It is the lessee under three groundwater leases in Burleson County, Texas. One of those is a groundwater lease dated September 1, 2016, between Joe Baldwin, as Lessor, and MWVR., as Lessee, (the "Baldwin Lease") that concerns a tract of land in Burleson County, Texas, more particularly described as 3.77 acres of land, more or less, a part of the Euclid M. Cox Survey, Abstract 82, Burleson County, Texas, and being the same land as described in a Deed dated April 25, 2014 from Daniel Lee Tucker to Joe Baldwin, recorded in Volume 943, Page 619 of the Official Public Records of Burleson County, Texas. A copy of the Groundwater Lease with respect to the Baldwin Lease is attached hereto as Exhibit A. This tract of land is referred to as "Tract 082-069" herein and in MWVR's bankruptcy schedules, and the Debtor's lessee's interest in the Baldwin Lease is listed therein as an asset of its bankruptcy estate. *See* MWVR's Schedules of Assets and Liabilities, docket #20 filed in Case No. 21-10904, Schedule B, line 55.1 and Schedule G, line 2.12.

5. It is undisputed that the Debtor is the record holder of title to the lessee's interest under the Baldwin Lease. There is a dispute regarding whether MWVR was and/or is contractually required to transfer ownership of that interest to Blue Water Vista Ridge, LLC, (which would in turn sublease that interest to Vista Ridge and then assign that interest to the Burleson/Milam Master Lease Trust). That dispute is one of the subjects of the following two pending lawsuits:

> Cause No. 37412; Blue Water Systems, LP, and Blue Water Vista Ridge, LLC, v. Metropolitan Water Company, L.P., and Metropolitan Water Vista Ridge, L.P., v. Wilmington Trust, N.A., as Trustee for the Burleson/Milam Master Lease Trust, and Blue Water 130 Project, LP, pending in the 21st District Court of Washington County, Texas, (the "Washington County Suit") and

> Civil No. 1:21-cv-00604-LY; Metropolitan Water Vista Ridge, L.P., v. Vista Ridge and Wilmington Trust, N.A., as Trustee for the Burleson/Milam Master Lease Trust, pending in the United States District Court for the Western District of Texas, Austin Division (hereinafter referred to as the "Federal District Court Suit").

Vista Ridge knew, prior to MWVR's bankruptcy filing, of MWVR's claimed interest under the Baldwin Lease because it is a party in the Federal District Court Suit, in which MWVR has made that claim. *See* Exhibit B hereto, a copy of the email dated July 9, 2021, from James Hatchitt, counsel for MWVR, to Wes Strickland, counsel for Vista Ridge, informing him of the filing of the Federal District Court Suit and attaching, among other documents, a copy of the Original Complaint in that suit, to which was attached, among other documents, a copy of the recorded Memorandum of Groundwater Lease with respect to the Baldwin Lease.

6. Sometime after the Baldwin Lease was executed in September 2016, Vista Ridge (directly or through its agents, contractors and/or others acting at its direction) began operations on Tract 082-069 to, among other things, drill groundwater wells, construct pumps and other infrastructure to withdraw groundwater, and lay pipe to transport groundwater off that Tract. None of those actions was authorized by MWVR.

7. Upon information and belief, between April 2020 (when production from the two wells drilled by Vista Ridge on Tract 082-069 began) and November 2021, it has improperly withdrawn approximately 9,500 acre-feet of groundwater from the wells on the Baldwin Lease. That total is supported by the monthly operating reports generated by EPCOR Water (USA), Inc., the company retained by Vista Ridge to operate the groundwater wells and related infrastructure erected without authorization on Tract 082-069. *See* Exhibit B, pages 21-26, copies of EPCOR's operating reports for some of the months between August 2020 and April 2021, on which this calculation is based.

8. Upon information and belief, this conduct of Vista Ridge has continued without interruption from and after the Petition Date, notwithstanding Vista Ridge's attorneys having been sent actual notice on that date of the filing of its bankruptcy case. *See* Exhibit C, Notice of Electronic Filing issued November 22, 2021, in the Federal District Court Suit (highlighting added showing service on Vista Ridge's counsel), with attached file-stamped docket #26, Suggestion of Bankruptcy filed November 22, 2021, in that Suit.

9. Further upon information and belief, Vista Ridge has sold groundwater it improperly withdrew from Tract 082-069 to San Antonio Water System ("SAWS") as part of a regional water supply project to the City of San Antonio. Upon information and belief, SAWS has paid Vista Ridge $1,606 per acre-foot for groundwater that Vista Ridge delivered, including groundwater improperly withdrawn from Tract 082-069. Vista Ridge therefore received approximately $15 million from SAWS for groundwater Vista Ridge improperly withdrew from Tract 082-069 prior to MWVR's bankruptcy filing. Upon information and belief, Vista Ridge has received substantial additional amounts from SAWS for groundwater improperly withdrawn from Tract 082-069 after MWVRs bankruptcy filing.

10. On or about January 28, 2022, MWVR through its bankruptcy counsel made demand on Vista Ridge that it immediately cease such conduct in violation of the automatic stay. *See* Exhibit D, email dated November January 28, 2022, from B. Weldon Ponder, Jr., to Mike Stenglein, Matthew L. Warren and R. Jacob Jumbeck, with attached demand letter. Upon information and belief, as of the filing of this Motion, Vista Ridge (and its contractors and other agents and representatives) have not complied with that demand.

RELIEF REQUESTED AND ARGUMENT

11. Under 11 U.S.C. § 362(a)(3), the automatic stay prohibits "any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate." In this case, Vista Ridge's post-petition actions with respect to Tract 082-069 violated and continue to violate the automatic stay imposed with the filing of MWVR's bankruptcy case. In contravention of MWVR's lessee's interest under the Baldwin Lease, Vista Ridge (and its contractors, agents, and other representatives) withdrew and sold groundwater from that property, and continue to withdraw and sell such groundwater. Those actions are egregious violations of the automatic stay, considering the magnitude and willfulness of the actions.

**Vista Ridge's Conduct Violating the Stay Was and Is Contemptuous**

12. A violation of the automatic stay in a corporate debtor bankruptcy case may be sanctioned by a civil contempt proceeding. *In re All Trac Transp., Inc.*, 306 B.R. 859, 872 (Bankr. N.D. Tex. 2004), citing *First RepublicBank Corp. v. NCNB Tex. Nat'l Bank* (*In re First RepublicBank Corp.*), 113 B.R. 277, 279 (Bankr. N.D. Tex. 1989); *accord*, *In re Abacus Broadcasting Corp.*, 150 B.R. 925, 928 (Bankr. W.D. Tex. 1993) ("A corporate debtor, harassed by a creditor despite the shield of the automatic stay, has a remedy under the civil contempt powers bestowed upon bankruptcy courts by section 105.").

5

13. "[A] bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105," which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997), citing 11 U.S.C. § 105(a).

14. In a civil contempt proceeding, the debtor must establish by clear and convincing evidence that: (1) a court order was in effect, (2) the order required certain conduct by the party alleged to have violated it, and (3) such party failed to comply with the court's order. *All Trac Transp.*, 306 B.R. at 875, citing *Am. Airlines, Inc. v. Allied Pilots Ass'n.*, 228 F.3d 574, 581 (5th Cir. 2000); *accord*, *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995).

15. As to the first requirement, that a court order was in effect, the provisions of § 362(a) of the Bankruptcy Code stand as a court order, the automatic stay constituting a Congressionally-imposed, self-executing injunction. *All Trac Transp.*, 306 B.R. at 872, citing *San Angelo Pro Hockey Club*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003).

16. As to the second requirement, that "the order" required certain conduct by Vista Ridge, the conduct specifically prohibited by § 362(a)(3) is "any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate." This prohibition is "applicable to all entities." 11 U.S.C. § 362(a). Section 362(a)(3) clearly required that Vista Ridge not extract any groundwater belonging to MWVR (or, as discussed below, any groundwater claimed by MWVR to belong to it) after it filed its bankruptcy case.

17. As for the third requirement, that the party have failed to comply with a court order, there can be no doubt that Vista Ridge's post-petition and ongoing extraction of groundwater that belongs to MWVR and its bankruptcy estate, was and continues to be an "act to obtain possession . . . of property of [MWVR's] estate or to exercise control of property of [its]

6

estate." Unlike with specific orders issued by a Court, a party's knowledge of the automatic stay is not "a relevant consideration as to whether the stay was violated." *In re Okedokun*, 968 F.3d 378, 387 (5th Cir. 2020) ("The stay is not a judicial injunction that depends on notice; rather the stay is effective upon the filing of the case, regardless of notice."); *compare Ingalls v. Bradley (In re Bradley)*, 371 B.R. 782, 788 (Bankr. W.D. Tex. 2007) ("'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts *with knowledge of the court's order*.'"), *aff'd*, 588 F.3d 254 (5th Cir. 2009), quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

18.  In any event, it is clear that Vista Ridge is deemed to have had knowledge of the automatic stay immediately after MWVR filed its case. Through its attorneys, it was expressly and immediately notified of MWVR's bankruptcy filing, *See* Exhibit C, Suggestions of Bankruptcy that were immediately filed in lawsuits to which Vista Ridge was a party and were immediately served on its attorneys. Vista Ridge's attorneys' knowledge of the case is at least constructive notice to Vista Ridge of the automatic stay. *See In re Henley*, 480 B.R. 708, 801 (Bankr. S.D. Tex. 2012) (*Dicta* that even oral notification of creditors' attorney "would certainly constitute constructive notice of the stay" to the creditors). Certainly by December 17, 2021, when Vista Ridge's counsel filed a Notice of Appearance in the bankruptcy case, Vista Ridge had actual knowledge of the bankruptcy filing. See docket #49, Notice of Appearance for Vista Ridge. Having notice of the filing of the bankruptcy case, Vista Ridge was thus charged with notice of the automatic stay. *In re Lile*, 103 B.R. 830, 837 (Bankr. S.D. Tex. 1989) ("Knowledge of the bankruptcy filing has been held to be the legal equivalent of knowledge of the automatic stay."). Notice of the bankruptcy case makes Vista Ridge's continuing stay violation willful. *Okedokun*, 968 F.3d at 387 ("[N]otice of the [bankruptcy] petition would have been a relevant consideration as to the willfulness of any stay violation."); *see also In re Chesnut*, 422 F.3d 298,

302 (5th Cir. 2005) ("A willful violation does not require a specific intent to violate the automatic stay," "only that the defendant's actions which violated the stay were intentional." *Brown v. Chesnut* (*In re Chesnut*), 422 F.3d 298, 302 (5th Cir. 2005).

19. Under the law of this Circuit, Vista Ridge's actions clearly constitute violations of the automatic stay under § 362(a)(3) as "act[s] to obtain possession of the estate or of property from the estate or to exercise control over property of the estate." Although there may be a dispute as to whether MWVR had or has an obligation to transfer its lessee's interest under the Baldwin Lease, there can be no dispute that as of the Petition Date it claims that interest, holds the sole recorded title to that interest, has sued Vista Ridge to have its claim determined, and has listed that interest as an asset in its bankruptcy schedules—all of which Vista Ridge knew. Even if Vista Ridge disputes it, MWVR's claimed interest is protected by the automatic stay, because it applies even to "arguable property." *Chesnut*, 422 F.3d 298. Such a dispute, and whether the party believes in good faith that it had a right to the property, is also not relevant to whether a violation of the stay was willful. *Id*.

### Remedy Sought

20. "'Civil contempt can serve two purposes,' either coercing compliance with an order or 'compensat[ing] a party who has suffered unnecessary injuries or costs because of contemptuous conduct.'" *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009), quoting *Travelhost*, 68 F.3d at 961–62.

> Civil contempt divides into two general classes: coercive and compensatory. Both classes benefit the injured litigant, but in different ways. Coercive civil contempt is intended to make the recalcitrant party comply. Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance. This includes losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance.

*Lear Siegler Servs., Inc. v. Ensil Int'l Corp.*, Civ. No. SA-05-CA-679-XR, 2011 WL 13174951, at *3 n.30 (W.D. Tex. March 15, 2011), quoting *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

21. MWVR has suffered real, quantifiable, substantial economic damages as a result of Vista Ridge's post-petition extraction and sale of groundwater from Tract 082-069. As mentioned in Paragraph 5 above, the rights MWVR has with respect to the water being extracted from the land covered by the Baldwin Lease is the subject of litigation in both the Washington County Suit and the Federal District Court Suit. To avoid expensive, unnecessary and duplicative litigation in this Court, MWVR is not seeking recovery of those damages at this time under this Motion, but instead expressly reserves its rights with respect to those damages for Vista Ridge's past violations of the automatic stay.

22. In particular, the relief MWVR currently seeks from this Court is an order requiring Vista Ridge to immediately cease its activities in violation of the stay and, if it does not, imposing a fine on it, payable to MWVR, for each day that such activities continue after entry of an order granting this Motion, as a deterrent to Vista Ridge from continuing its violations of the automatic stay. Such an order will merely prevent further conversion of MWVR's property and preserve and maintain property of its estate.

23. Such a fine is appropriate because of the magnitude of Vista Ridge's violation of the stay and its willfulness. The amounts involved are substantial. Vista Ridge has been ably represented in this case since its commencement and should not be allowed to plead ignorance of the law or its effect. At the very least, even considering the dispute as to MWVR's ownership and rights, it should have ceased its activities when it received notice of the bankruptcy case.

24. The amount of such a fine should reasonably relate to the amount of groundwater and associated sales revenue that Vista Ridge receives daily from Tract 082-069, in order to be

effective as a deterrent. In particular, MWVR requests the Court to impose a fine on Vista Ridge in the amount of $10,000.00 per day, based on the above facts. "[W]here the purpose is to make the defendant comply, the court[ ] . . . must . . . consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Lear Siegler Servs.*, 2011 WL 13174951, at *3.

25. Based on several monthly flow reports generated between August 2020 and April 2021 by EPCOR, one of Vista Ridge's agents and contractors, Vista Ridge was extracting an average of 158 acre-feet of groundwater from the wells on the Baldwin Lease per month, or about 5.25 acre-feet per day. *See* Exhibit B, pages 21-26. Absent evidence to the contrary, that should be considered a reasonable estimate of Vista Ridge's post-petition activities.

26. Since the Petition Date (71 days ago as of February 1, 2022), Vista Ridge has therefore extracted approximately 373 acre-feet of groundwater from the two wells on the Baldwin Lease. At its contracted sales price with SAWS of $1,606 per acre-foot of groundwater, Vista Ridge would therefore have received almost $600,000 for continuing to extract groundwater from the Baldwin Lease in violation of the automatic stay, or approximately $8,400 per day.

27. Absent evidence to the contrary, Vista Ridge would continue to receive approximately $8,400 per day (or perhaps more) if it continues to violate the automatic stay. A fine greater than that amount should deter Vista Ridge's continued violation of the automatic stay. MWVR suggests a daily fine of $10,000 for each day that Vista Ridge continues to violate the automatic stay by withdrawing and extracting groundwater from the Baldwin Lease.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the Court find Vista Ridge LLC in contempt for its violations of the automatic stay as described above and (1) enter an order granting this Motion ordering Vista Ridge to (a) immediately cease those violations, (b)

cause its agents, contractors and/or others acting at its direction to immediately cease those violations, and (c) pay MWVR a fine of $10,000.00 for each day after entry of an order granting this Motion that such violations of the automatic stay continue, and (2) grant the Debtor such other and further relief to which it may show itself to be justly entitled.

Dated: February 1, 2022.

Respectfully submitted,

*/ s / Weldon Ponder*
B. WELDON PONDER, JR.
Attorney at Law
State Bar of Texas No. 16110400
4408 Spicewood Springs Road
Austin, Texas 78759
Phone (512) 342-8222 / Fax (512) 342-8444
e-mail address: welpon@austin.rr.com

COUNSEL FOR DEBTOR IN POSSESSION,
MET WATER VISTA RIDGE, L.P.

## CERTIFICATE OF SERVICE

      I, B. Weldon Ponder, Jr., the attorney for the Debtor, hereby certify that on the 1st day of February, 2022, a true and correct copy of the foregoing Motion was served on each of the following persons at the following addresses, by the method indicated.

                                                / s / Weldon Ponder
                                                B. WELDON PONDER, JR.

**BY EMAIL**

R. Jacob Jumbeck and Mike Stenglein for Creditor and Respondent Vista Ridge, LLC at jjumbeck@kslaw.com and mstenglein@kslaw.com

W. Scott Carlson
for Debtors Met Water Vista Ridge, L.P., and Metropolitan Water Company, L.P.
at wsc@metwater.com

Stephen W. Sather, Subchapter V Trustee
at ssather@bn-lawyers.com

Shane P. Tobin for the United States Trustee
at shane.p.tobin@usdoj.gov

Brian Talbot Cumings for Creditors Cap Tex Water Partners, LLC, Central Texas Water, LP, Harry Vowell, H&V Holdings, Ltd, Simsboro Water, LLC, Jon Hildebrand and Rick Jamison at bcumings@gdhm.com, and ctrickey@gdhm.com

Paul Terrill and Ryan Greene on behalf of Creditors Blue Water Systems. LP, and Blue Water Vista Ridge, LLC
at rgreene@terrillwaldrop.com, pterrill@terrillwaldrop.com and bfigg@terrillwaldrop.com

Seth E. Meisel and William Rhea
for Creditors Blue Water Systems, LP, and Blue Water Vista Ridge, LLC,
at smeisel@dbcllp.com, bhrea@dbcllp.com, and lsnedden@dbcllp.com

Kyle Hirsch and Tricia W. Macaluso
for Wilmington Trust, N.A., as Trustee for Burleson/Milam Lease Trust
at kyle.hirsch@bryancave.com and tricia.macaluso@bclplaw.com

Elizabeth Grace Smith for the City of San Antonio acting by and through SAWS
at beth@egsmithlaw.com

Kell C. Mercer for Creditors Keller Shoreline Investments, Ltd., Paul B. Keller
at kell.mercer@mercer-law-pc.com

Marvin Sprouse
for Creditor Austin JSB, Ltd.
at msprouse@sprousepllc.com