**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| METROPOLITAN WATER COMPANY, L.P, | § | CASE NO. 21-10903-hcm |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**HOWRY, BREEN & HERMAN, LLP'S BENCH BRIEF
IN SUPPORT OF SCHEDULED CLAIM**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

Howry, Breen & Herman, LLP ("**Howry**") files this Bench Brief in support of their scheduled prepetition claim for attorneys' fees (the "**Scheduled Claim**") in advance of the hearing scheduled for April 4, 2023, and represents as follows:

1. On February 17, 2023, Creditors Blue Water Systems, LP and Blue Water Vista Ridge, LLC (together, "**Blue Water**") filed their Supplement to First Amended Objection to Scheduled Claim of Howry Breen & Herman LLP [Doc. No. 679] (the "**Supplement**"), which raised "additional issues" uncovered in discovery. One of these issues is Howry's alleged "lack of candor" to the Court in failing to disclose certain fee agreements, which, Blue Water argues, the Court should take into account in adjudicating the enforceability and reasonableness of Howry's Scheduled Claim. *See* Supplement paras. 8–9.

2. Blue Water's argument along these lines should not be considered by the Court because the issue raised is irrelevant to the allowance of the pre-petition claim which is the subject of the objection. First, even assuming *arguendo*, that Howry was less than candid in its post-petition dealings with the Court (which is denied), courts routinely hold that postpetition conduct cannot form the basis for disallowing a prepetition claim. Second, 11 U.S.C. § 502(b) provides

nine specifically enumerated bases for disallowing a prepetition claim, and a postpetition failure to disclose prepetition agreements does not fall within the statutory bases for disallowance.

### A. Postpetition conduct cannot justify dissalowing a prepetition claim.

3. Section 502 states that a claim, proof of which is filed under § 501,[1] is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If such objection is made, § 502 provides that "the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b).

4. Courts routinely interpret this language in § 502 to mean that postpetition conduct cannot form the basis for disallowing a prepetition claim. *See, e.g.*, *Sears v. Sears (In re Sears)*, 863 F.3d 973, 978 (8th Cir. 2017) (noting § 502's requirement that bankruptcy courts determine the amount of a claim as of the petition date and holding that "[p]ost-petition conduct thus cannot justify disallowing a proof of claim" (citing *In re Flanagan*, 503 F.3d 171, 178–79 (2d Cir. 2007)); *Brown v. Quantum3 Grp. LLC (In re Brown)*, 606 B.R. 40, 46 n.6 (B.A.P. 9th Cir. 2019) (holding that § 502 and § 558, which allows the estate to raise any prepetition defense available to the debtor outside of bankruptcy, taken together "establish that '[p]ost-petition conduct . . . cannot justify disallowing a proof of claim.'" (quoting *Sears*, 863 F.3d at 978)); *In re Eriksen*, 647 B.R. 192, 195 (Bankr. N.D. Ohio 2022) ("Section 502 makes it clear that the time for determination of a claim is 'as of the date of the filing of the petition,' not some indeterminate later time depending on post-petition developments in the law and the facts and estate administration."). Where Congress has deemed postpetition conduct relevant to the claims-allowance process, it has enacted provisions to

---

[1] Section 1111 provides that a proof of claim or interest is deemed filed under § 501 for any claim that appears in the schedules unless the claim is scheduled as disputed, contingent, or unliquidated. The Scheduled Claim appears in the Debtor's Schedule E/F and was not scheduled as disputed, contingent, or unliquidated. *See* Doc. No. 30 at 13 of 114.

address such situations. *Eriksen*, 647 B.R. at 195–96 (citing 11 U.S.C. § 502(e)–(i)). Blue Water does not point to any such provision, nor do any such provisions apply to the Scheduled Claim.

    **B. Blue Water's argument does not apply to any of the nine bases for disallowing claims under § 502(b).**

5.    Section 502 further provides that, if an objection to a claim is made, "the court, after notice and a hearing, . . . shall allow such claim in such amount, except to the extent that" the claim falls within nine enumerated exceptions to allowance. 11 U.S.C. § 502(b).

6.    Of note, § 502(b)'s introductory language does not include the term "including" or "includes," which strongly implies that the nine enumerated exceptions are the exclusive bases for disallowing a prepetition claim. *See* 11 U.S.C. § 102(3) (providing that the terms "includes" and "including" are not limiting). A majority of courts to have addressed the issue have adopted the view that § 502 sets forth the exclusive grounds for disallowance of a claim. *See In re Brunson*, 486 B.R. 759, 769 (Bankr. N.D. Tex. 2013) (collecting cases) (observing that the "clear majority" view is the so-called "exclusive view" which provides that a party objecting to a claim "must assert a substantive basis for disallowance expressly stated in § 502 and come forward with some evidence to disallow the claim for that reason").

7.    This approach is also consistent with Supreme Court precedent. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) ("But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)."). In *Travelers*, the Supreme Court was asked to determine whether the Bankruptcy Code precludes an unsecured creditor from recovering attorneys' fees authorized by a prepetition contract but incurred in postpetition litigation. *Id.* at 445. The Supreme Court went through the list of exceptions in § 502(b) and determined that none

of exceptions (2) through (9) applied. *Id.* at 450. The Supreme Court thus held that the "claim must be allowed under § 502(b) unless it is unenforceable within the meaning of § 502(b)(1)." *Id.*

8. The Scheduled Claim is not:

- a claim for unmatured interest, 11 U.S.C. § 502(b)(2);

- a claim for a tax assessed against property of the estate, *id.* § 502(b)(3);

- a claim for an unmatured debt on certain alimony and child-support obligations, *id.* § 502(b)(5)

- a claim of a lessor for damages resulting from the termination of a lease of real property, *id.* § 502(b)(6);

- a claim of an employee for damages resulting from the termination of an employment contract, *id.* § 502(b)(7);

- a claim resulting from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor, *id.* § 502(b)(8); or

- untimely filed, *id.* § 502(b)(9).

Thus, the Scheduled Claim must be allowed under § 502(b) unless it is unenforceable under an agreement or applicable law, *id.* § 502(b)(1), or because Howry's attorneys' fees exceed the reasonable value of the services provided, which they do not, *id.* § 502(b)(4). *See Travelers*, 549 U.S. at 450.

9. When determining whether a claim is unenforceable under § 502(b)(1), bankruptcy courts must consult state law in determining the validity of most claims. *Id.* A claim enforceable under applicable state law will be allowed in bankruptcy unless a provision of the Bankruptcy Code expressly disallows it. *Id.* at 452. There is no provision of the Bankruptcy Code that states that postpetition conduct, even an alleged "lack of candor" to a bankruptcy court (which is denied), can justify disallowance of a claim or affect a claimants rights under state law.

10. Further, the existence of § 502(b)(4), which disallows claims for attorneys' fees to the extent they exceed the reasonable value of the services provided, "suggests that, in its absence, a claim for such fees would be allowed in bankruptcy to the extent enforceable under state law." *Id.* at 453. Thus, unless the Scheduled Claim exceeds the reasonable value of the services provided by Howry to the Debtor (it does not), the Scheduled Claim must be allowed. Though Blue Water asserts, in conclusory fashion and without citation to authority, that "[s]uch pattern of non-disclosure calls into question the reasonableness" of the Scheduled Claim, they make no attempt at explaining how "[s]uch pattern of non-disclosure" **postpetition** in any way relates to the reasonable value of the services provided by Howry prepetition. *See* Supplement para. 9. Without citation to authority or relevant evidentiary rules, Blue Water attempts to assert the alleged lack of post-petition disclosure was deliberate and should be considered in connection with the veracity of the Mr. Howry as a witness as it relates to anticipated testimony related to the allowance of pre-petition expenses under applicable state law, but for the reasons stated above, there is no support for such assertion and Blue Water identifies none. Stated plainly, Blue Water's argument has nothing to do whatsoever with whether the Scheduled Claim is unenforceable under § 502(b)(1) or whether it exceeds the reasonable value of the services under § 502(b)(4).

11. For the reasons stated above, Howry's alleged postpetition "lack of candor" cannot form the basis for disallowing the Scheduled Claim. The Scheduled Claim should therefore be allowed because it is enforceable under state law.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        By:   /s/ *Eric J. Taube*
            Eric J. Taube
            State Bar No. 19679350
            William "Trip" Nix
            State bar No. 24092902
            100 Congress Avenue, Suite 1800
            Austin, Texas 78701
            (512) 685-6400
            eric.taube@hklaw.com
            trip.nix@hklaw.com

        ATTORNEYS FOR HOWRY, BREEN & HERMAN, LLP

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that the above and foregoing document has been served upon all parties listed on the attached service list via the Court's ECF system and on any other parties receiving such notices on April 3, 2023.

        */s/ Eric J. Taube*
        Eric J. Taube